**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
WASHINGTON
SEATTLE DIVISION**

| | |
|---|---|
| **BRENT ROTTER,**<br>**an individual,** | * |
| | * |
| | * |
| **PLAINTIFF,** | * |
| | * |
| **v.** | * **Case No.** |
| | * |
| **BHAWANI, INC.,** | * |
| **a domestic corporation,** | * |
| | * |
| **AND** | * |
| | * |
| **TAQUERIA EL KIOSKA,** | * |
| **a company,** | * |
| | * |
| | * |
| **DEFENDANTS.** | |

## COMPLAINT

Plaintiff Brent Rotter ("Rotter" or "Plaintiff") hereby sues Defendants, Taqueria El Kioska, a company, (hereinafter "Defendants") pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), and its implementing regulations, the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG") and alleges as follows:

## PRELIMINARY STATEMENT

1.     Though not required by the ADA, Plaintiff attempted to resolve this matter prior to filing the present complaint but was unable to do so.

2.     Defendants' ADA violations create real and significant barriers to entry for disabled persons such as Plaintiff. Pursuant to Title III of the ADA, Plaintiff seeks declaratory and injunctive relief requiring Defendants to (1) remedy the violations identified herein and (2) enact and adhere to a policy that ensures the proper maintenance of the property to avoid future ADA violations.

## JURISDICTION AND PARTIES

3.     This is an action for declaratory and injunctive relief pursuant to Title III of the ADA. This Court is vested with original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants', BHAWANI, INC. and Taqueria El Kioska's, failure to remove physical barriers to access and violations of Title III of the ADA.

4.     The ADA grants a private right of action for injunctive relief to "any person who is being subjected to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1).

5.     Venue is properly located in the WESTERN DISTRICT OF WASHINGTON IN THE SEATTLE DIVISION pursuant to 28 U.S.C. § 1391(b)

because venue lies in the judicial district of the property situs or the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. The Defendants' property is located in and does business within this judicial district and all events giving rise to this lawsuit occurred in this judicial district.

6.      Plaintiff, Brent Rotter, is and has been at all times relevant to the instant matter, a natural person residing in Washington and is sui juris.

7.      Plaintiff is an individual with disabilities as defined by the ADA.

8.      Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

9.      Plaintiff uses a wheelchair for mobility purposes.

10.     Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Plaintiff's motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make his home community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on the Subject

Property, including returning to the Subject Property as soon as it is accessible ("Advocacy Purposes"). *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982).

11. Defendant, Taqueria El Kioska, is a company conducting business in the State of Washington and within this judicial district.

## FACTUAL ALLEGATIONS

12. On or about August of 2023, Plaintiff attempted to but was deterred from patronizing and/or gaining equal access as a disabled patron to the Taqueria El Kioska and Gas Station located at 8819 14th Avenue South, Seattle, WA 98108 ("Subject Facility", "Subject Property"). Plaintiff routinely stops at the Subject Property. This particular visit, Plaintiff stopped for gas and to grab an energy drink and some food.

13. BHAWANI, INC. and Taqueria El Kioska are the owners, lessors, and/or operators/lessees of the real property and improvements that are the subject of this action, specifically the Taqueria El Kioska and Gas Station and its attendant facilities, including vehicular parking and common exterior paths of travel within the site identified by the King County Assessor parcel identification number 788360-8370 ("Subject Facility", "Subject Property").

14. Defendants are the entities that are a public accommodation that own, lease (or lease to), or operate, BHAWANI, INC. and Taqueria El Kioska's, located at 8819 14th Avenue South, Seattle, WA 98108. BHAWANI, INC. and Taqueria El

Kioska's and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the 8819 14th Avenue South, Seattle, WA 98108 to handicapped access requirements.

15.    On information and belief, said facilities have undergone construction, alteration, structural repairs and additions, each of which has subjected 8819 14th Avenue South, Seattle, WA 98108 to handicapped access requirements.

16.    Plaintiff lives within thirty (30) miles of the Subject Property. Because the Subject Property is located on 14th Ave, a King County thoroughfare that he frequents routinely, he is routinely where the Subject Property is located and travels in and about the immediate area of the Subject Property numerous times every month, if not every week.

17.    Plaintiff, as a Olalla resident, maintains substantial ties to the area and which meets the requirements on intent to return and likelihood of future harm.

18.    Plaintiff's access to the Subject Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until

Defendants, BHAWANI, INC. and Taqueria El Kioska, are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Subject Property, including those set forth in this Complaint.

19.     Plaintiff has visited, i.e. attempted to patronize, the Subject Property on multiple prior occasions, and at least once before as a patron and advocate for the disabled. Plaintiff intends on revisiting the Subject Property within six months of the filing of this Complaint or sooner, as soon as the barriers to access detailed in this Complaint are removed. The purpose of the revisit is to be a regular patron to determine if and when the Subject Property is made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

20.     Plaintiff intends on revisiting the Subject Property to enjoy the same experiences, goods, and services available to Defendants' non-disabled patron as well as for Advocacy Purposes, but does not intend to continue to repeatedly re-expose himself to the ongoing barriers to equal access and engage in the futile gesture of attempting to patronize the Subject Property, a business of public accommodation known to Plaintiff to have numerous and continuing barriers to equal access for wheelchair users. *Steger v. Franco,* 228 F.3d 889 (8th Cir. 2000). "A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." *Chapman v. Pier1,* 571 F.3d 853 (9th Cir. 2009)

21.    According to *Steger v. Franco*, "Although plaintiffs need not engage in the "futile gesture" of visiting a building containing known barriers that the owner has no intention of remedying, see 42 U.S.C. § 12188(a)(1), they must at least prove knowledge of the barriers and that they would visit the building in the imminent future but for those barriers. See *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 518 U.S. 167, 120 S.Ct. 693, 704-06 (2000) (noting proof that environmental plaintiffs would use waterway for recreational purposes but for polluted condition is sufficient to show injury-in-fact)." *Steger v. Franco,* 228 F.3d 889 (8th Cir. 2000).

22.    Plaintiff's demonstrates knowledge of the barriers by stating that Plaintiff visited the property, that he encountered barriers that prevented him from enjoying the property in the same way as a non-disabled patron would, and by listing the ADA violations that Plaintiff encountered and had knowledge of during his visit. Furthermore, Plaintiff's complaint states an intent to return to the property after the necessary remediations have been made.

23.    The plaintiff in *Steger* only encountered one ADA violation during her visit to the subject property; however, numerous violations of the ADA were present at the property on the day of plaintiff's visit. 228 F.3d 889 (8th Cir. 2000). The court ruled that, "Burch need not encounter all of these barriers to obtain effective relief. See, e.g., *Independent Living Resources v. Oregon Arena Corp.*, 982 F. Supp. 698, 762 (D.Or. 1997) (ordering injunctive relief for entire arena although it "is unlikely

that any individual plaintiff will ever sit in each of the seats in the area, or use each of the restrooms, or attempt to reach each of the ketchup dispensers"). The effect of such a rule would be piecemeal compliance. To compel a building's ADA compliance, numerous blind plaintiffs, each injured by a different barrier, would have to seek injunctive relief as to the particular barrier encountered until all barriers had been removed. This not only would be inefficient, but impractical." *Id*. Therefore, it is not required that Plaintiff encounter every single ADA violation present at the subject property in order for him to obtain relief for all ADA violations present.

24.     "When he encountered those barriers," Plaintiff "has suffered injury in precisely the form the statute was intended to guard against." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d at 1332 (11th Cir. 2013) (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74 (1982)).

25.     Plaintiff recently traveled to the Subject Property as a patron, encountered and/or observed the barriers to access that are detailed in this Complaint, engaged those barriers where physically possible, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to equal access present at the Subject Property.

26.     Plaintiff recently traveled to the Subject Property as a patron and as an independent advocate for the disabled, encountered and/or observed the barriers to

access that are detailed in this Complaint, engaged those barriers where physically possible, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to equal access present at the Subject Property.

27.    Plaintiff has a fundamental right as established under the ADA to patronize any place of public accommodation as any person who is not disabled has.

28.     Plaintiff's day-to-day life has been negatively affected by the barriers to entry at the Subject Property, as his fundamental right to patronize any place of public accommodation at his choosing has been diminished by Defendant's non-compliance with the ADA.

29.    Plaintiff has no obligation to only patronize places of public accommodation that are ADA compliant.

30.    According to *Chapman v. Pier1 Imports,* "when an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability, he  has standing to sue for injunctive relief as to that barrier and other barriers related to his disability, even if he is not deterred from returning to the public accommodation at issue." 571 F.3d 853 (9th Cir. 2009). The Ninth Circuit further held that, "an ADA plaintiff who establishes standing as to encountered barriers may also sue for injunctive relief as to *unencountered* barriers related to his disability." *Id*.

31.    If barriers to entry are not removed at the Subject Property, it will place undue hardship, cause Plaintiff loss of opportunity, and unduly force Plaintiff to "search" for a place of public accommodation to patronize that is ADA compliant.

## COUNT I – CLAIM FOR INJUNCTIVE RELIEF
### (Against Defendant for ADA Violations)

32.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

33.    The Subject Property is a public accommodation and service establishment.

34.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

35.    Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

36.    The Subject Property must be, but is not, in compliance with the ADA and the ADAAG.

37.    Plaintiff has attempted to, and has to the extent possible, accessed the Subject Property in his capacity as a patron at the Subject Property and as an

independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit his access to the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

38.     Plaintiff intends to visit the Subject Property again in the very near future as a patron and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered to able-bodied patrons of the Subject Property but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit his access to the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

39.     Defendants, BHAWANI, INC. and Taqueria El Kioska, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property, as prohibited by, and

by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

40. Defendants, BHAWANI, INC. and Taqueria El Kioska, will continue to discriminate against Plaintiff and others with disabilities unless and until BHAWANI, INC. and Taqueria El Kioska are compelled to remove all physical barriers that exist at the Subject Property, including those specifically set forth herein, and make the Subject Property accessible to and usable by Plaintiff and other persons with disabilities.

41. Therefore, at said time and place, Brent Rotter, who is a person with disabilities, encountered inaccessible elements at the subject property which constituted architectural barriers and a denial of proper and legally required access to public accommodation to persons with physical disabilities.

42. "The ADA specifically does not require that the disabled individual personally encounter each architectural barrier as a predicate to seeking its removal." *Chapman v. Pier1,* 571 F.3d 853 (9th Cir. 2009). A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Subject Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Subject Property include, but are not limited to:

ACCESSIBLE ROUTES/PARKING
Taqueria El Kioska Restaurant
(Exterior)

a. There is no visible upright signage (displaying the International Symbol of Accessibility) designating parking space as accessible in violation of Section 4.6.4 of the 1991 ADAAG and Section 502.6 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity. Plaintiff had difficulty identifying the purported accessible parking space, which caused unnecessary navigation and accessibility challenges.

Taqueria El Kioska Restaurant
(Exterior)

b. There is no van-accessible parking identified as such with upright "Van Accessible" signage in violation of Section 4.6.4 of the 1991 ADAAG and Section 502.6 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity. Plaintiff had difficulty identifying the purported van-accessible parking space, which caused unnecessary navigation and accessibility challenges.

Taqueria El Kioska Restaurant
(Exterior)

c. The purported designated accessible parking space is not level in all directions and has areas of uneven, broken, and cracked pavement because of Defendant's history and practice of failing to inspect and maintain the parking surface in violation of 28 CFR § 36.211, Sections 4.6.3 of the 1991 ADAAG and Sections 302

and 502.4 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity. Plaintiff experienced significant difficulty exiting and re-entering their vehicle as their wheelchair tires became stuck in the cracked pavement, creating hazardous and inaccessible conditions.

Taqueria El Kioska Restaurant
(Exterior)

d. The purported accessible aisles are not level in all directions and have areas of uneven, broken, and cracked pavement because of Defendant's history and practice of failing to inspect and maintain the parking surface in violation of 28 CFR § 36.211, Sections 4.6.3 of the 1991 ADAAG and Sections 302 and 502.4 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity. Plaintiff experienced significant difficulty maneuvering their wheelchair due to the uneven and damaged pavement, which created hazardous and inaccessible conditions.

Taqueria El Kioska Restaurant
(Exterior)

e. There are slope variations at the purported designated accessible parking space with changes in direction that have caused a compound cross slope in violation of Section 4.6.3 of the 1991 ADAAG and Section 502.4 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity. Plaintiff experienced difficulty exiting and re-entering their vehicle due to the compound cross

slope, which caused instability for their wheelchair and created significant accessibility challenges.

Taqueria El Kioska Restaurant
(Exterior)

f.  There are slope variations at the purported access aisles with changes in direction that have caused a compound cross slope in violation of Section 4.6.3 of the 1991 ADAAG and Section 502.4 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity. Plaintiff experienced significant difficulty maneuvering their wheelchair within the access aisles due to the compound cross slope, which caused instability and created substantial accessibility challenges.

Taqueria El Kioska Restaurant
(Exterior)

g.  The plaintiff could not safely traverse the path of travel from the parking area to the entry doors because the ramps lack a level top landing. Violation: The ramps do not have a level landing area in violation of Section 4.8.4 of the 1991 ADAAG and Sections 405.7 and 406.4 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity. Plaintiff experienced significant difficulty navigating the ramps due to the absence of a level top landing, which created instability for their wheelchair and substantial accessibility challenges.

Taqueria El Kioska Restaurant
(Exterior)

h. Handrails are not provided on both sides of the ramp leading to the entrance in violation of Section 4.8.5 of the 1991 ADAAG and Sections 405.8 and 505 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity. Plaintiff experienced significant difficulty navigating the ramp due to the absence of handrails on both sides, which failed to provide the necessary stability and support, creating hazardous and inaccessible conditions.

Taqueria El Kioska Restaurant
(Exterior)

i. There is no accessible route provided within the site from the public sidewalk that serves the Subject Facility. Violation: There is no accessible route connecting the public sidewalk serving the Subject Facility and any accessible entrance(s) in violation of Section 4.3.2 of the 1991 ADAAG and Section 206.2.1 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff loss of opportunity. Plaintiff was unable to safely travel from the public sidewalk to the facility's entrance, as the lack of an accessible route created significant navigation and accessibility challenges.

Taqueria El Kioska Restaurant
(Exterior)

j. There is no accessible route from the designated accessible space to the entrance of the Subject Facility. This is in violation of Section 4.3 of the 1991 ADAAG and Sections 206.2.1, 206.2.2, 402, and 403 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject

Property and caused Plaintiff loss of opportunity. Plaintiff was unable to safely travel from the designated accessible space to the facility's entrance, as the lack of an accessible route created significant navigation and accessibility challenges.

## MAINTENANCE PRACTICES

a.  Defendants have a practice of failing to maintain the accessible features of the facility, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211. This practice prevented access to the plaintiff equal to that of Defendants' able-bodied customers causing Plaintiff loss of opportunity.

b.  Defendants have a practice of failing to maintain the accessible elements at the Subject Facility by neglecting their continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant so that said elements may be discovered and remediated.

c.  Defendants have failed and continue to fail to alter their inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Facility in violation of 28 CFR § 36.211, the 1991 ADAAG, and the 2010 ADAAG. These violations, as set forth hereinabove, made it impossible for Plaintiff to experience the same access to the goods, services, facilities, privileges, advantages and accommodations of the Subject Facility as Defendants' able-bodied patrons and caused Plaintiff loss of opportunity.

d. Defendants have failed to modify their discriminatory maintenance practices to ensure that, pursuant to their continuing duty under the ADA, the Subject Property remains readily accessible to and usable by disabled individuals, including Plaintiff, as set forth herein, in violation of 28 CFR § 36.302 and 36.211. This failure by Defendants prevented access to the plaintiff equal to that of Defendants' able-bodied customers causing Plaintiff loss of opportunity.

43. The discriminatory violations described above are not an exhaustive list of the Defendants' current barriers to equal access and violations of the ADA because Plaintiff was unable to access and assess all areas of the subject premises due to the architectural barriers encountered. A complete list of the subject location's ADA violations affecting the Plaintiff as a wheelchair user, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34. Once the Plaintiff personally encounters discrimination, as alleged above, or learns of discriminatory violations through expert findings of personal observation, has actual notice that the Defendants do not intend to comply with the ADA.

44. Plaintiff's inability to lawfully access Defendant's Property created a deterrent effect in which Plaintiff was unable to identify other barriers restricting Plaintiff's access under the ADA.

45. Each of the obstacles and barriers to access caused Plaintiff serious difficulties in navigating and accessing Defendant's Property, thus depriving

Plaintiff of his right to the full and equal enjoyment of Defendant's Property and his right to be free from discrimination on the basis of disability.

46.    At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("title III" and "ADA"), 42. U.S.C. §§ 12181 *et seq.* either then, now or in the future.

47.    As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, Brent Rotter was denied his civil rights to full and equal access to public facilities. Brent Rotter suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal injury, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

48.    Because of Defendant's violations, Brent Rotter and other persons with physical  disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling

Defendant to make 8819 14th Avenue South, Seattle, WA 98108 accessible to persons with disabilities.

49.    The Defendants have a practice of failing to maintain the accessible elements at the Subject Property by neglecting their continuing duty to review, inspect, and discover transient accessible elements which by the nature of its design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant, so that said elements are discovered and remediated. Defendants have failed and continue to fail to alter their inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Property in violation of 28 CFR §§ 36.202 and 36.211. These violations, as referenced hereinabove, made it impossible for Plaintiff, as a wheelchair user, to experience the same access to the goods, services, facilities, privileges, advantages and accommodations of the Subject Property as Defendants' able-bodied patrons.

50.    Accessible elements at the Subject Property have been altered and/or constructed since 2010.

51.    The foregoing violations are violations of the 1991 ADAAG, and the 2010 ADAAG, as adopted by the U.S. Department of Justice. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991

ADAAG standards.

52.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

53.     Each of the violations alleged herein is readily achievable to modify to bring the Subject Property into compliance with the ADA.

54.     Removal of the physical barriers and dangerous conditions present at the Subject Property is readily achievable because of the site conditions at the Subject Property, the structural design of the subject facility, and the straightforward nature of the necessary modifications.

55.     To assist businesses in offsetting the costs associated with complying with the ADA and removing barriers to access for individuals with disabilities, Section 44 of the IRS Code provides a tax credit for small business owners, and Section 190 of the IRS Code provides a tax deduction for all business owners, including the Defendants.

56.     Removal of the physical barriers and dangerous conditions at the Subject Property is readily achievable because of the relative low cost of the necessary modifications and the Defendants have the financial resources to make the modifications, including the financial assistance made available to Defendants by

the government pursuant to Section 44 and/or Section 190 of the IRS Code.

57.     By continuing to maintain and/or operate the Subject Property with discriminatory conditions in violation of the ADA, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to able bodied individuals of the general public.

58.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA. To date, Defendants have failed to comply with this mandate.

59.     Plaintiff is without adequate remedy at law and is suffering irreparable harm and reasonably anticipates that he will continue to suffer irreparable harm

unless and until Defendants, BHAWANI, INC. and Taqueria El Kioska, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Subject Property, including those alleged herein. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.

60.    Plaintiff's requested relief serves the public interest.

61.    Plaintiff's counsel is entitled to recover his reasonable attorneys' fees and costs of litigation from Defendants, BHAWANI, INC. and Taqueria El Kioska, pursuant to 42 U.S.C. §§ 12188, 12205 and 28 CFR 36.505. Plaintiff will be denied full and equal access to the subject premises, as provided by the ADA unless the injunctive relief requested herein is granted.

62.    Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed, and ordering Defendants to fulfill their continuing duty to maintain the accessible features at the premises in the future as mandated by 28 CFR 36.211.

WHEREFORE, the Plaintiff prays as follows:

A.    That the Court find Defendants, BHAWANI, INC. and Taqueria El Kioska, in violation of the ADA and ADAAG;

B.    That the Court enter an Order requiring Defendants,

BHAWANI, INC. and Taqueria El Kioska, to (i) remove the physical barriers to access and (ii) alter the Subject Property to make the Subject Property readily accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.   That the Court enter an Order directing Defendants, pursuant to 28 C.F.R. §36.211, to fulfill their continuing duty to maintain their accessible features and equipment so that the facility remains accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

D.   That the Court enter an Order directing Defendants to implement and carry out effective policies, practices, and procedures to maintain the accessible features and equipment pursuant to 28 C.F.R. §36.302 and 28 C.F.R. §36.211.

E.   That the Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

F.   An award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205 and an award of monitoring fees associated with insuring that the Defendants are in compliance with the ADA.

G.   An award of interest upon the original sums of said award of attorneys' fees, costs (including expert fees), and other expenses of suit; and

H.   Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated this the 31st day of March, 2025.


Respectfully submitted,

By: _____

Peter Barnett, Esq.
Counsel for Plaintiff
Washington State Bar No.: 50945
Firm Name: Law Office of Peter Barnett PLLC
Firm Address: 13458 94th PL NE
Kirkland, WA 98034
Telephone: 425-298-3922
Email: peter@peterbarnettlaw.com


**DEFENDANTS TO BE SERVED:**
BHAWANI, INC.
C/O BRIAN WICHMANN
15201 Military Road South
SeaTac, WA 98188


Taqueria El Kioska
8819 14th Avenue South
Seattle, WA 98108